UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCP INTERNATIONAL, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3440-WBV-DMD** |
| **FORMULA FOUR BEVERAGES, INC., ET AL.** | **SECTION: D (3)** |

## ORDER AND REASONS

Before the Court is MCP International, LLC's Rule 12(b)(6) Motion to Dismiss Counterclaim.[1] Defendants, Formula Four Beverages, Inc. and Oxigen Beverages, Inc., oppose the Motion,[2] and MCP International, LLC has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED**.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This is a breach of contract case concerning an agreement entered into between MCP International, LLC ("MCP") and Formula Four Beverages, Inc. ("FFB") for MCP's principal, Patrick Sean Payton, to act as a brand ambassador for Oxigen water, a beverage that is pH balanced with electrolytes and boosted with oxygen.[4] In its original Complaint, MCP alleges that it executed a four-year Agreement with FFB on January 22, 2014, which provided that MCP's principal would make appearances and promote FFB products in exchange for compensation by a certain royalty on FFB

---

[1] R. Doc. 59.
[2] R. Doc. 61.
[3] R. Doc. 65.
[4] R. Doc. 54 at ¶¶ 20-24.

products sold in the United States, up to a maximum in each contract year.[5] The Agreement also provided for an annual guaranteed minimum to be paid to MCP's principal, regardless of sales, "in excess of this Court's $75,000 jurisdictional threshold."[6] MCP claims that its principal performed all services and requirements under the Agreement and that FFB paid MCP's principal the annual guaranteed minimum for the first and second years, but has failed to pay MCP's principal for the third and fourth years of the Agreement.[7] MCP asserts that at some point after the parties executed the Agreement, Oxigen Beverages, Inc. ("Oxigen") acquired certain rights and obligations of FFB, including FFB's rights and obligations under the Agreement.[8] MCP contends that the Agreement also contains a provisions stating that it is binding on all affiliates and successors of FFB, including FFB's affiliate, Formula Four Beverages (USA), Inc. ("FFB USA"), and Oxigen's affiliate, Oxigen (USA), Inc. ("Oxigen USA").[9]

MCP alleges that the four entity defendants have acknowledged that they owe MCP's principal the annual minimum guarantee for years three and four of the Agreement, both orally and in writing, most recently on November 6, 2020.[10] MCP asserts that on June 17, 2019, Blair Bentham, FFB's agent, acknowledged that Oxigen, the successor to FFB, was aware of the obligations owed to MCP and MCP's principal.[11] MCP claims that on several occasions, including as recently as November

---

[5] R. Doc. 1 at ¶¶ 11-12.
[6] *Id.* at ¶ 12.
[7] *Id.* at ¶¶ 13-17.
[8] *Id.* at ¶ 19.
[9] *Id.* at ¶ 9.
[10] *Id.* at ¶ 20.
[11] *Id.* at ¶ 21.

6, 2020, FFB and Oxigen have initiated and provided proof of initiated wire transfers to MCP and/or its principal totaling the annual minimum guarantee for years three and four of the Agreement, but that the wire transfers were cancelled by FFB and/or Oxigen, and neither MCP nor its principal have ever received payment.[12] MCP asserts that it sent a demand letter to defendants on December 3, 2020, demanding payment of the annual minimum guarantee for years three and four of the Agreement.[13] MCP filed a Complaint in this Court on December 22, 2020, asserting a breach of contract claim against FFB, FFB USA, Oxigen, and Oxigen USA.[14]

On May 13, 2021, after obtaining leave of Court, MCP filed a Supplemental and Amended Complaint (the "Amended Complaint"), adding its principal, Patrick Sean Payton, as a plaintiff and naming Blair Bentham, the founder and CEO of FFB, FFB USA, Oxigen, and Oxigen USA, as an additional defendant.[15] The allegations in the Amended Complaint are substantially similar to those in the original Complaint, with the addition of allegations that the five defendants "operate as a single business enterprise and/or alter ego of one another."[16] Like the original Complaint, however, the Amended Complaint contains only one specified cause of action for breach of contract.[17]

On May 27, 2021, FFB, FFB USA, Oxigen, Oxigen USA, and Bentham filed an Answer, Affirmative Defenses, and Counterclaim to Plaintiffs' Supplemental and

---

[12] *Id.* at ¶ 22.
[13] *Id.* at ¶ 23.
[14] R. Doc. 1.
[15] R. Doc. 54. *See*, R. Docs. 38, 45, 51, & 53.
[16] R. Doc. 54 at ¶ 8. *See also*, *Id.* at ¶¶ 9- 15 & 17.
[17] *Id.* at ¶¶ 37-38.

Amended Complaint.[18] In it, FFB and Oxigen (collectively, "Defendants") assert counterclaims against MCP for breach of contract and unjust enrichment.[19] Defendants allege that MCP's principal failed to perform all of the required services and obligations under the Agreement in each of the first and second years, and performed no services on behalf of Oxigen or its products in the third and fourth years of the Agreement.[20] Defendants also allege that MCP has been unjustly enriched under La. Civ. Code art. 2298 by improperly collecting $350,000 during each of the first two years of the Agreement, despite MCP's failure to perform under the Agreement.[21]

On June 10, 2021, MCP filed the instant Motion, seeking to dismiss Defendants' counterclaim for unjust enrichment pursuant to Fed. R. Civ. P. 12(b)(6), because Louisiana law prohibits a party from bringing a claim for unjust enrichment when the party has another remedy available under the law.[22] MCP asserts that both this Court and the Fifth Circuit have held that a party cannot assert a claim for unjust enrichment when the claim is based on a relationship that is controlled by an enforceable contract.[23] Because it is undisputed that a valid contract governs the parties' relationship in this case, MCP argues Defendants have failed to allege a plausible counterclaim for unjust enrichment under Louisiana law.[24] MCP further

---

[18] R. Doc. 58.
[19] *Id.* at pp. 17-19, ¶¶ 22-31.
[20] *Id.* at p. 18, ¶¶ 24-25.
[21] *Id.* at ¶ 29.
[22] R. Doc. 59 at p. 1 (*citing* La. Civ. Code art. 2298).
[23] R. Doc. 59 at p. 1 (citing *Barbe v. Ocwen Loan Servicing, LLC*, 383 F. Supp. 3d 634, 648 (E.D. La. 2019); *North Cypress Medical Center Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015)). *See*, R. Doc. 59-1 at pp. 3-4 (citing authority).
[24] R. Doc. 59 at pp. 1-2; R. Doc. 59-1 at p. 4.

asserts that the unjust enrichment counterclaim must be dismissed because Defendants have failed to plead all of the elements for an unjust enrichment claim.[25]

Defendants argue that MCP's Motion should be denied because unjust enrichment is a valid alternative theory of recovery under Fed. R. Civ. P. 8.[26] Defendants assert that "numerous courts" have allowed a party to assert alternate claims of recovery, including claims for breach of contract and unjust enrichment.[27] Although MCP relies upon the *Walters v. MedSouth Record Mgmt., LLC* case and its progeny for the notion that a party is barred from asserting an unjust enrichment claim when a contract is involved, Defendants contend that "numerous federal courts" have narrowed the *Walters* decision by ruling that unjust enrichment claims cannot be plead alongside tort claims.[28] Defendants assert that they have not pled any tort claims that would prohibit an unjust enrichment claim from being pled in the alternative, and that it would be premature to dismiss their unjust enrichment claim at this time, before any discovery has taken place.[29] Defendants further assert that they have sufficiently pled the elements of unjust enrichment in their counterclaim.[30]

In response, MCP maintains that the great weight of authority in this Court, the Fifth Circuit, and Louisiana courts demonstrate that a party may not

---

[25] R. Doc. 59-1 at pp. 4-5.
[26] R. Doc. 61 at p. 1 (*citing* Fed. R. Civ. P. 8(d)(2)).
[27] R. Doc. 61 at p. 2 (citing *Prop. One, Inc. v. USAgencies, LLC*, 830 F. Supp. 2d 170, 175 (M.D. La. 2011); *Oil Mop, LLC v. Chem. S. Transp., Inc.*, Civ. A. No. 6:20-CV-01073, 2020 WL 7234644 (W.D. La. Nov. 23, 2020)).
[28] R. Doc. 61 at p. 2 (citing *Walters*, 2010-0353 (La. 6/4/10), 38 So.3d 243; *Siboney Contracting Co. v. Dominion Group, LLC*, Civ. A. No. 2:18-CV-01461, 2021 WL 415840 (W.D. La. Feb. 5, 2021); *Prop. One, Inc.*, 830 F. Supp. 2d 170).
[29] R. Doc. 61 at p. 3.
[30] *Id.* at pp. 4-5.

alternatively plead an unjust enrichment claim when there is no dispute that a valid, express contract governs the parties' relationship.[31]  MCP relies extensively upon a recent opinion from another Section of this Court, where the judge held that an unjust enrichment claim, pled in the alternative to a breach of contract claim, must be dismissed, holding that, "Where a claim is based on a relationship controlled by an enforceable contract, unjust enrichment is precluded."[32]  MCP further asserts that the unjust enrichment claim is not facially plausible because it "adopted and incorporated all prior paragraphs and factual allegations" of the counterclaim and, as a result, contradicts Defendants' breach of contract claim.[33]

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[34]  It is well-settled in this Circuit that motions to dismiss under Fed. R. Civ. P. 12(b)(6) are viewed with disfavor and are rarely granted.[35]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[36]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[31] R. Doc. 65 at pp. 1 & 2-3.
[32] *Id.* at pp. 2-3 (citing *Otteman v. Knights of Columbus*, Civ. A. No. 19-11291, 2021 WL 533719, at *3 (E.D. La. Feb. 12, 2021) (citing authority)).
[33] R. Doc. 65 at pp. 3-4 (citing *Otteman*, Civ. A. No. 19-11291, 2021 WL 533719 at *3).
[34] Fed. R. Civ. P. 12(b)(6).
[35] *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (quoting *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).
[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

alleged."[37]  But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[38]

In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[39]  The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[40]  "Dismissal is appropriate when the complaint on its face shows a bar to relief."[41]  In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[42]  The Court can also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.[43]

### III.  ANALYSIS

#### A. Defendants' Counterclaim for Unjust Enrichment Must Be Dismissed.

At the outset, the Court finds that, because MCP and Payton have invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332, this Court must apply the

---

[37] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949) (quotation marks omitted).
[38] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[39] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[40] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[41] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).
[42] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).
[43] *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Systems, Inc. v. Alcatel USA, Inc.*, 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004)).

substantive law of the forum state, Louisiana.[44] The parties do not dispute that Louisiana law governs Defendants' counterclaims.  To state a claim for unjust enrichment under Louisiana law, a plaintiff must allege: (1) an enrichment; (2) an impoverishment; (3) a connection between enrichment and impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) there must be no other remedy at law.[45] "The important question is whether another remedy is available, not whether the party seeking a remedy will be successful."[46]

As previously explained by another Section of this Court, "The Louisiana Supreme Court has observed that '[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment.'"[47] This is because "the remedy of unjust enrichment is subsidiary in nature," and "is only applicable to fill a gap in the law where no express remedy is provided."[48] The Fifth Circuit has held that, "Louisiana law provides that no unjust enrichment claim shall lie when the claim is based on a relationship that is controlled by an enforceable contract."[49] Thus, when there is a valid contract governing the parties' relationship, Louisiana law bars unjust

---

[44] R. Doc. 1 at ¶ 7; R. Doc. 54 at ¶ 16; *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009).
[45] *Reel Pipe, LLC v. USA Comserv, Inc.*, Civ. A. No. 18-6646, 2019 WL 127055, at *3 (E.D. La. Jan. 8, 2019 (citing *JP Mack Indus. LLC v. Mosaic Fertilizer, LLC*, 970 F .Supp. 2d 516, 521 (E.D. La. 2013)). *See*, La. Civ. Code art. 2298.
[46] *Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.*, 581 Fed.Appx. 440, 443-44 (5th Cir. 2014) (citing *Garber v. Baden & Ranier*, 2007-1497, pp. 10-11 (La. App. 3 Cir. 4/2/08), 981 So.2d 92, 100)).
[47] *JP Mack Indus. LLC*, 970 F. Supp. 2d at 521 (quoting *Walters v. MedSouth Record Mgmt., LLC*, 2010-0353 (La. 6/4/10), 38 So.3d 243, 242).
[48] *Walters,* 2010-0353 at p.2, 38 So.3d at 244 (quotation and internal quotation marks omitted).
[49] *Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 408 (citing *Edwards v. Conforto*, 636 So.2d 901, 907 (La. 1993)); *See, Ferrara Fire Apparatus, Inc.*, 581 Fed.Appx. at 443-44.

enrichment claims.[50] This Court has repeatedly held that unjust enrichment claims must be dismissed when a plaintiff has other remedies available, including a claim for breach of contract.[51] This Court has also held that, "Unjust enrichment claims cannot be maintained in the alternative."[52]

Here, MCP has alleged that the Agreement entered into between MCP and FFB is a valid, enforceable contract.[53] Defendants do not dispute that assertion in their counterclaim[54] or in their Opposition brief[55] to the instant Motion. Indeed, Defendants have asserted a counterclaim for breach of contract against MCP. There has been no assertion by either party that the contract is a nullity. Because Defendants have asserted a breach of contract claim against MCP, they have another remedy at law and are, therefore, precluded from seeking recovery against MCP on a claim of unjust enrichment.[56] While the Court will "freely give leave to amend when justice so requires," leave to amend "is by no means automatic."[57] Based on the foregoing legal authority, the Court finds that any amendment by Defendants to address this deficiency would be futile and would fail to survive a Rule 12(b)(6)

---

[50] *Bethea*, 376 F.3d at 408 (citing *Edwards*, 636 So.2d at 907).
[51] *JP Mack Indus. LLC*, 970 F. Supp. 2d at 521-22 (citing authority); *Reel Pipe, LLC v. USA Comserv, Inc.*, Civ. A. No. 18-6646, 2019 WL 127055, at *4 (E.D. La. Jan. 8, 2019); *Andretti Sports Mktg. Louisiana, LLC v. NOLA Motorsports Host Comm., Inc.*, Civ. A. No. 15-2167, 2015 WL 13540096, at *8 (E.D. La. Dec. 2, 2015); *Double R & J Trucking Serv., Inc. v. Patton Installations of Florida, LLC*, Civ. A. No. 14-2234, 2015 WL 2452323, at *4 (E.D. La. May 21, 2015).
[52] *United States v. Cytogel Pharma, LLC*, Civ. A. No. 16-13987, 2018 WL 5297753, at *16 (E.D. La. Oct. 25, 2018) (noting that prior cases from other sections of this Court allowing unjust enrichment claims to be pled in the alternative are contrary to holdings of the Louisiana Supreme Court, the Fifth Circuit and this Court in *Andretti*).
[53] *See*, R. Doc. 54; R. Doc. 59 at p. 1; R. Doc. 59-1 at pp. 4 & 5.
[54] R. Doc. 58 at pp. 13-19.
[55] R. Doc. 61 at p. 1.
[56] *Andretti*, Civ. A. No. 15-2167, 2015 WL 13540096 at *8.
[57] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (*quoting* Fed. R. Civ. P. 15(a); *Avatar Exploration Inc. v. Chevron USA, Inc.*, 933 F.2d 314, 320 (5th Cir. 1991)).

motion. Accordingly, Defendants' counterclaim for unjust enrichment must be dismissed under Fed. R. Civ. P. 12(b)(6) because Defendants cannot state a plausible counterclaim for unjust enrichment under Louisiana law.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that MCP International, LLC's Rule 12(b)(6) Motion to Dismiss Counterclaim[58] is **GRANTED.** The counterclaim asserted by Formula Four Beverages, Inc. and Oxigen Beverages, Inc. against MCP International, LLC for unjust enrichment is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, March 15, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[58] R. Doc. 59.