UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCP INTERNATIONAL, LLC AND SEAN PAYTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3440** |
| **FORMULA FOUR BEVERAGES, INC., FORMULA FOUR BEVERAGES (USA), INC., OXIGEN BEVERAGES, INC., OXIGEN (USA), INC., AND BLAIR BENTHAM** | **SECTION "D" (3)** |

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Sanctions and Motion to Deem Requests for Admission as Admitted (Rec. Doc. No. 91), filed by plaintiffs, MCP International, LLC and Patrick Sean Payton (collectively "MCP"). No opposition has been filed. Having considered the record, the written submissions of counsel, and the applicable law, it is **ORDERED** that the motion be **GRANTED** and **RECOMMENDED** that a **DEFAULT** be entered against Defendants Formula Four Beverages, Inc., Oxigen Beverages, Inc., Formula Four Beverages (USA), Inc., Oxigen Beverages (USA), Inc., and Blair Bentham (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi) for the reasons set forth herein.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This matter arose from a breach of contract and request for damages pursuant to an agreement providing that Plaintiffs would make appearances and promote products in exchange for compensation of royalties on products sold or a guaranteed minimum payment. (Rec. Doc. No. 1, p. 3-4). Defendants allegedly failed to pay Plaintiffs for services rendered in the third and fourth years of the agreement. *Id*. at 4.

1

MCP served Defendants on December 31, 2020, but they failed to timely file an answer or file responsive pleadings in this Court. (Rec. Doc. Nos. 7 & 8). On March 9, 2021, the district court granted a motion for entry of default against Defendants. (Rec. Doc. No. 15). On March 12, 2021, Defendants engaged counsel and moved to set aside default. (Rec. Doc. No. 16). The motion was granted on April 7, 2021. (Rec. Doc. No. 32). Since then, discovery has been a long and hard-fought process.

Plaintiff filed a Motion to Compel on October 1, 2021, stating that, despite multiple extensions, Defendants failed to provide any discovery responses. (Rec. Doc. No. 69-1). Notably, emails attached as exhibits to the motion to compel indicate that Defendants' counsel was unable to timely respond to discovery requests due to Defendants' own actions: "We are waiting on our client to provide the additional information we need. I certainly understand that is not an acceptable explanation." (Rec. Doc. No. 69-4, p. 1).

This Court granted the motion to compel on October 20, 2021, requiring Defendants to respond in full to the discovery on or before Wednesday, October 27, 2021. (Rec. Doc. No. 78). This Court further ordered that Defendants pay attorney fees associated with filing the motion to compel.[1] *Id*.

On October 25, 2021, Defendants' counsel then filed a Motion to Extend Seven Day Deadline to Submit Discovery Responses (Rec. Doc. No. 79) contending that their clients "have been unresponsive to Movers diligent and good faith efforts to communicate this deadline." (Rec. Doc. No. 79-1, p. 1). MCP opposed any extension of the discovery deadline previously set by this Court. (Rec. Doc. No. 84). A day later, Defendants' counsel filed a Motion to Withdraw as Counsel

---

[1] The Court awarded MCP $1,025.00 in attorney fees on November 23, 2021, as stipulated in the order granting their motion to compel. (Rec. Doc. No. 95). It further ordered Defendants to satisfy that obligation no later than thirty days from the issuance of that order. *Id*.

of Record (Rec. Doc. No. 85), pursuant to Rules of Professional Conduct 1.16(b)(5) and (b)(6), and State Bar Articles of Incorporation, Art. 16, on the basis that their clients had failed "substantially to fulfill an obligation to the lawyer regarding the lawyer's services," and that the Defendants' had been given reasonable warning that their counsel would withdraw unless the obligation was fulfilled.

On October 26, 2021, this Court partially granted the motion to extend, giving Defendants ten additional days to respond, or by November 5, 2021, and expressly noted that no further extensions would be allowed. (Rec. Doc. No. 86). On November 16, 2021, this Court granted the Motion to Withdraw as Counsel, and ordered Defendants to obtain and enroll new counsel within fifteen days or by December 1, 2021. (Rec. Doc. No. 92). To this date, almost four months after the date of the order, Defendants have yet to enroll new counsel.

Plaintiffs filed the instant Motion for Sanctions and Motion to Deem Requests for Admissions as Admitted on November 15, 2021, requesting a default judgment in response to a total failure to respond to discovery by the Defendants. (Rec. Doc. No. 91). This Court originally set this motion for oral hearing on December 1, 2021, (Rec. Doc. No. 93), then reset the hearing for December 15, 2021, and then to January 12, 2022, allowing Defendants ample time to enroll new counsel. (Rec. Doc. Nos. 96, 98).

On January 11, 2022, this Court cancelled oral argument on the instant motion and took it for submission on the briefs, as Defendant had still failed to enroll new counsel.[2] (Rec. Doc. No. 105). To date, Defendants have not enrolled counsel or provided the court with any information as to its efforts to retain counsel.

---

[2] It is a well-settled rule that corporations cannot represent themselves *pro se* before this Court. *See, e.g., FDIC v. Mmahat*, 210 F.3d 369 (5th Cir. 2000); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993).

MCP contends that this is a case against recalcitrant Defendants with a history of failing to respond. (Rec. Doc. No. 91-1, p. 2) (citing seventeen lawsuits against Defendants for failure to pay amounts owed[3]). Plaintiffs state that, here, Defendants have "***refused to participate in discovery***" despite the Court's scheduling order. *Id.* (emphasis in original). MCP propounded interrogatories and requests for production to Formula Four Canada on July 2, 2021, and interrogatories, requests for production, and a single request for admission to Formula Four USA on July 9, 2021. *Id.* at 3. Of these requests, Formula Four USA responded timely only to the request for admission on July 30, 2021. *Id.*

This Court has given Defendants an inordinate amount of time to retain counsel and to reply to outstanding discovery requests. (Rec. Doc. Nos. 78 & 86). As of this date, no responses have been forthcoming. Defendants have offered no explanation as to the violations of the Court's

---

[3] Over the last three years, at least seventeen suits have been filed against one or more of the Defendants for failure to pay amounts owed. *See Douglas M. Sarsany (Special Admin. of the Estate of Roberta L. Sarsany) v. Oxigen Beverages (USA), Inc.*, 19-MCV-00100, Los Angeles Superior Court (filed Jan. 14, 2019); *Schiefer Media, Inc. v. Formula Four Beverages (USA), Inc., et al.*, 19-SMCV-00963, Los Angeles Superior Court-West District (filed May 23, 2019); *American Express Travel Related Services Co., Inc. v. Formula Four Beverages (USA), Inc., et al.*, 656559/2019, Supreme Court of New York (filed Nov. 6, 2019); *Berlin Packaging v. Formula Four Beverages (USA), Inc.*, 2019- L-13226, Illinois Cook County Circuit Court (filing Dec. 3, 2019); *Wilkins Media, LLC v. Oxigen Beverages, Inc., et al.*, 0652438/2020, Supreme Court of New York (filed June 12, 2020); *RR Donnelly & Sons v. Oxigen Beverages (USA), Inc.*, 20-SMCV-01822, Los Angeles Superior Court (filed Nov. 25, 2020); *The Many, LLC v. Oxigen Beverages (USA), Inc.*, et al., 20-STCV-45342, Los Angeles Superior Court – Central District (filed Nov. 25, 2020); *Connect PR Corporation dba Konnect Agency v. Oxigen Beverages (USA), Inc.*, 21-STCV-00409, Los Angeles Superior Court (filed Jan. 6, 2021); *Information Resources, Inc. v. Oxigen Beverages (USA), Inc.*, 21-STCV-03754, Los Angeles Superior Court (filed Feb. 1, 2021); *Firefly Systems Inc. v. Oxigen Beverages (USA), Inc.*, 21-SMVC00357, Los Angeles Superior Court (filed Feb. 22, 2021); *Destroy, LLC v. Oxigen Beverages (USA), Inc., et al.*, 21- SLCC-01570, 21 Judicial Circuit, St. Louis, MO (filed Apr. 6, 2021); *Destroy, LLC v. Formula Four Beverages (USA), Inc.*, 2122-CC-00828, 22d Judicial Circuit, St. Louis, MO (filed May 3, 2021); *Mauricio Candela-General v. Oxigen Beverages (USA), Inc.*, 2021-010086-CC-05, Miami Dade County Court (filed Apr. 12, 2021); *Brook & Whittle, Ltd. v. Oxigen Beverages, Inc.*, 21-CV-03377, U.S.D.C. – Central Dist. of CA – Western Division (filed Apr. 20, 2021); *Training Mate, LLC v. Oxigen Beverages (USA), Inc.*, 21-STLC-03222, Los Angeles Superior Court (filed Apr. 23, 2021); *Old Dominion Freight Line, Inc. v. Oxigen Beverages (USA), Inc.*, 21-CHLC-18692, Los Angeles Superior Court (filed May 10, 2021); *Group Nine Media, LLC v. Oxigen Beverages (USA), Inc.*, 653092, Supreme Court of New York (filed May 11, 2021).

orders or why they have not responded to the discovery requests.

MCP requests that this Court issue a default judgment against the Defendants for the claims asserted by Plaintiffs in this litigation, or alternatively, that this Court strike all of Defendants' pleadings including its answer, affirmative defenses, and counterclaims against Plaintiffs (Rec. Doc. No. 33), strike Defendants' witness and exhibit list (Rec. Doc. No. 72), and order Defendants to pay reasonable expenses, including attorneys' fees, caused by their violations. (Rec. Doc. No. 91-1, p. 10).

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 37, the court may issue sanctions for a party's failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2). The court has wide latitude in determining the appropriate sanction. *Durant v. City of Gretna*, No. 19-147, 2021 WL 5113147, at *2 (E.D. La. Nov. 2, 2021) (Currault, M.J.); *see also Guintero v. Balboa Ins. Co.*, No. 08-1527, 2009 WL 382506, at *1 (E.D. La. Feb. 11, 2009) (recommending dismissal as the case represented an "extreme circumstances" where Plaintiff willfully and in bad faith failed to cooperate with counsel and show up for multiple court hearings); *Wyatt v. Morial*, No. 98-0466, 1999 WL 345500, at *1 (E.D. La. May 25, 1999) (stating "[f]ederal courts have the power to impose sanctions for failure to comply with discovery orders under Fed. R. Civ. P. 37" and recommending dismissal for repeated failure to comply with discovery orders). Sanctions may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, introducing designated matters in evidence, dismissal of the action or any portion thereof, or treating the failure to obey as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The court also has the authority to impose sanctions in the form of reasonable attorney's fees:

> If a party … fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule …, the court where the action is pending may issue further

just orders … Instead of or in addition to [the allowed sanctions], the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, *caused by the failure*, unless the failure was substantially justified or other circumstances make an aware of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A), (C) (emphasis added).

Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct. *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 497, 501 (N.D. Tex. Apr. 18, 2016) (citing *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996)); *Thomas v. Cap. Sec. Servs.*, 836 F.2d 866, 877-78 (5th Cir. 1988). Rule 37 sanctions are appropriate where there is willful disobedience or gross indifference, not when the failure to comply was outside the party's control. *Orchestrate HR, Inc.*, 187 F. Supp. 3d at 500 (citing *Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970)). The primary purpose of the rule is "designed to empower the court to compel production of evidence by the imposition of reasonable sanctions." *Id*. (internal quotations omitted) (quoting *Dorsey*, 423 F.2d at 860); *Parkcrest Builders, LLC v. Housing Auth.*, No. 15-01533, 2017 WL 6388511, at *5 (E.D. La. Dec. 14, 2017) (citing *Nat'l Hockey League v. Meto. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976) ("The purposes of discovery sanctions are to secure compliance with the rules of discovery, deter others from violating them, and punish those who do violate them.")).

The "harsh sanction of dismissal is not favored except in extreme circumstances." *Quintero*, 2009 WL 382506, at *2 (internal quotations omitted). Courts in the Fifth Circuit have relied on the factors set out in *FDIC v. Conner*, 20 F.3d 1376 (5th Cir. 1994), in determining whether a default judgment should be issued as a discovery sanction. The "*Conner* factors," require a determination that: (1) the discovery violation must be willful or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation substantially prejudiced the opposing party; and (4) a lesser sanction would not substantially achieve the desired deterrent

6

effect. *FDIC v. Conner*, 20 F.3d 1376, 1380-81; *see also Law Funder, LLC v. Munoz*, 924 F.3d 753, 758-59 (5th Cir. 2019). Further, the Fifth Circuit has suggested that courts provide fair notice to litigants before claims become subject to dismissal. *Williams v. Res-Care, Inc.*, No. 17-10200, 2020 WL 5942211, at *3 (E.D. La. Oct. 7, 2020) (citing *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013)) (permitting dismissal after second discovery order unambiguously and specifically stated: "Plaintiffs who are found to have violated this Court's order … will have their claims dismissed."); *Chisesi v Auto Club Family Ins. Co.*, 374 F. App'x 475, 477 (5th Cir. 2010) (holding dismissal warranted after second discovery order that specifically warned plaintiff that failure to comply would result in dismissal of the case because it proved lesser sanctions were in fact ineffective). Additionally, when confronted with an unrepresented corporation, it is within the judge's discretion to determine the appropriate action. *Kidwell v. Ruby IV, LLC*, 2019 WL 5703240, at *1 (E.D. La. Oct. 31, 2019) (*citing Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004)).

### III.  ANALYSIS

As outlined in detail above, this case involves a complete failure to respond to discovery, except for a single request for admission. Despite this Court's numerous orders requiring Defendants to respond to all outstanding discovery, Defendants have done nothing. Not only did Defendants fail to respond to all outstanding discovery, but they have also offered no explanation for their delay, failed to seek an extension, or lodge any objections whatsoever. Additionally, they have not been deterred by the award of attorneys' fees for Plaintiffs' efforts in bringing the motion to compel.

While the instant motion involves this Court's order regarding the motion to compel, the Court also notes that Defendants have also largely ignored orders issued both by the undersigned

7

and the district court that they enroll counsel. (Rec. Doc. Nos. 92 & 97). Thus, Defendants are in violation of multiple orders of this Court and have yet to make any efforts to rectify same.

Plaintiffs cite to *Doe v. American Airlines*, where the Fifth Circuit affirmed the district court's litigation-ending sanction of dismissing a claim due to a failure to cooperate in discovery. 2008 WL 2570789, at *2 (5th Cir. 2008). There, the *pro se* plaintiff repeatedly failed to cooperate with the district court and magistrate judge regarding discovery orders. *Id*. According to the court:

> It is clear that Appellant has demonstrated a pattern of intentional delay and contumacious conduct, noncompliance with the magistrate judge and the district court, and a general refusal to cooperate in the discovery process. Since Appellant is pro se, her actions are hers alone and not attributable to her counsel. This conduct, additionally, prejudiced [defendant] because it has prevented timely and appropriate preparation for trial. Finally, a less dramatic sanction would not achieve the desired deterrent effect because Appellant has indicated she has no intention of complying with the discovery order in question. Appellant, warned multiple times that her failure to comply with court orders could result in dismissal of her claims, continued and continues to refuse to comply. Thus, the district court did not err in dismissing Appellant's suit with prejudice. This "remedy of last resort" was appropriate under these circumstances.

*Id*. MCP additionally cites to *U.S. v. $49,000 Currency*, in which the Fifth Circuit also affirmed the district court's litigation-ending sanction of rendering default judgment where two co-defendants failed to respond to interrogatories and requests for production. 330 F.3d 371, 377-79 (5th Cir. 2003). Additionally, defendants failed to ask for an extension, and therefore, default judgment was entered against the defendants for failing to provide any answer or acknowledgment of the disobeyed discovery order, failing to communicate any problems they had with the order, and offering no explanation for the deficiencies. *Id*. at 377-78. On appeal, defendant argued that a less harsh sanction would be more appropriate. *Id*. at 378. The Fifth Circuit disagreed, finding the district court was not required to "incrementally increase[e] sanctions" in order to "coax" defendants into "compliance." *Id*. at 379.

The Court finds the cases provided by MCP to be appropriate and persuasive. Defendants have been on notice of the possibility of this case being dismissed as recently as December 13, 2021, with the filing of the motion for default judgment, if not earlier. (Rec. Doc. No. 99). This case involves a complete failure to respond to discovery, a failure to follow numerous court orders from both this Court and the district court, and a failure to explain, in any way, why such actions have occurred. It is indisputable that the *Conner* factors are met in this case: (1) these violations appear willful and in bad faith, as no effort whatsoever has been taken to correct this and Defendants have received all discovery propounded against Plaintiff, (2) the client bears sole responsibility, rather than counsel, who actually withdrew from this matter due to the client's unwillingness to engage in the discovery process, (3) Plaintiffs were clearly prejudiced by a complete failure to respond to any discovery, thus causing them to miss all deadlines the Court had previously imposed in the scheduling order, amended three times, and (4) a lesser sanction would likely not have a deterrent effect because Defendant has shown a flagrant disregard for this proceeding despite multiple orders and an award of attorneys' fees against them. Months have passed without Defendants attempting to defend their case in any way. Thus, this Court believes that a litigation ending sanction is appropriate at this time.

Additionally, this Court "*must* order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, *caused by the failure*, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Accordingly, Plaintiffs are entitled to recover the costs and attorney's fees associated with the filing of this motion for sanctions.

IV.     CONCLUSION

Defendants have failed to produce any outstanding discovery and remain in violation of multiple court orders, despite this Court awarding costs against them previously. Therefore, in exercising its discretion under Fed. R. Civ. P. 37, this Court finds that the failure to timely deliver discovery constitutes bad faith and willful conduct warranting severe sanctions.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Sanctions and Motions to Deem Requests for Admission as Admitted (Rec. Doc. No. 91) be **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorneys' fees is **GRANTED**. Plaintiffs shall file a motion to fix attorneys' fees into the record by **Monday, April 11, 2022**, along with: (1) an affidavit attesting to its attorneys' education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill, and reputation; and (3) the documentation required by Local Rule 54.2. Any opposition shall be filed no later than **Monday, April 18, 2022**. Plaintiffs shall notice the motion to fix attorneys' fees for hearing on **Wednesday, April 20, 2022**, and the motion shall be hard on that date **without oral argument**.

**IT IS FURTHER RECOMMENDED** that a **DEFAULT** be entered against Defendants for the reasons stated herein.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district

judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 31st day of March, 2022.

 

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**