# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

MCP INTERNATIONAL, LLC, ET AL.                    CIVIL ACTION

VERSUS                                            NO. 20-3440-WBV-DMD

FORMULA FOUR BEVERAGES, INC., ET AL.              SECTION: "D" (3)

## ORDER and REASONS

On March 31, 2022, the United States Magistrate Judge issued a Report and Recommendation, recommending that a default be entered against defendants, Formula Four Beverages, Inc., Oxigen Beverages, Inc., Formula Four Beverages (USA), Inc., Oxigen (USA), Inc., and Blair Bentham (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 37(b)(2) due to Defendants' "complete failure to respond to discovery, a failure to follow numerous court orders from both this Court and the district court, and a failure to explain, in any way, why such actions have occurred."[1]

After careful consideration of the pleadings and the applicable law, the Report and Recommendation is **ADOPTED as modified.** Although the Magistrate Judge recommended that a default be entered against Defendants under Fed. R. Civ. P. 37(b)(2)(A)(vi), the Court specifies that the facts of this case support the entry of a default judgment against Defendants under Fed. R. Civ. P. 37(b)(2)(A)(vi).

---

[1] R. Doc. 114 at p. 9.

## I.    BACKGROUND

In the Report and Recommendation, the Magistrate Judge addressed a Motion for Sanctions and Motion to Deem Requests for Admission as Admitted, filed by MCP International, LLC and Patrick Sean Payton (collectively, "Plaintiffs").[2]  As recounted by the Magistrate Judge, Plaintiffs filed a Motion to Compel Discovery Responses and Request for Sanctions on October 1, 2021, asserting that despite multiple extensions, Defendants failed to provide any discovery responses.[3]  The Magistrate Judge noted that the exhibits attached to the Motion to Compel indicated that Defendants' counsel was unable to timely respond to the discovery requests in this "long and hard-fought process" due to Defendants' own actions.[4]  The Magistrate Judge granted the Motion to Compel on October 20, 2021, and required Defendants to respond to the discovery on or before October 27, 2021, and ordered Defendants to pay Plaintiffs' attorney's fees associated with filing the Motion.[5]

On October 25, 2021, Defendants' counsel filed a Motion to Extend Seven Day Deadline to Submit Discovery Responses, asserting that Defendants "require additional time to find new counsel of record and to produce the requested discovery responses," and further that Defendants "have been unresponsive to Movers [sic] diligent and good faith efforts to communicate this deadline."[6]  On the following day,

---

[2] *See*, R. Doc. 114 at p. 1; R. Doc. 91.

[3] R. Doc. 114 at p. 2 (*citing* R. Doc. 69-1).

[4] R. Doc. 114 at p. 2 (*citing* R. Doc. 69-4 at p. 1).

[5] R. Doc. 114 at p. 2 (*citing* R. Doc. 78).  The Magistrate Judge noted in the Report and Recommendation that it awarded $1,025.00 in attorney fees on November 23, 2021, and ordered Defendants to satisfy that obligation no later than thirty days from the issuance of that order.  R. Doc. 114 at p. 2, n.1 (*citing* R. Doc. 95).

[6] R. Doc. 114 at p. 2 (*citing* R. Doc. 79 and *quoting* R. Doc. 79-1 at p. 1) (internal quotation marks omitted).

October 26, 2021, Defendants' counsel filed a Motion to Withdraw as Counsel of Record, on the basis that their clients had failed "substantially to fulfill an obligation to the lawyer regarding the lawyer's services," and that Defendants had been given reasonable warning that their counsel would withdraw unless the obligation was fulfilled.[7] On October 26, 2021, the Magistrate Judge granted, in part, the Motion to Extend, and gave Defendants ten additional days to respond, or until November 5, 2021, and specifically warned Defendants that no further extensions would be allowed.[8]

On November 16, 2021, the Magistrate Judge granted defense counsel's Motion to Withdraw, and ordered Defendants to obtain and enroll new counsel within fifteen days, or by December 1, 2021.[9]  In the March 31, 2022 Report and Recommendation before this Court, the Magistrate Judge noted that, as of that date, Defendants had yet to enroll new counsel.[10]  Although not mentioned in the Report and Recommendation, the undersigned also issued an Order on December 7, 2021, requiring Defendants to obtain and enroll new counsel by December 14, 2021.[11]  The Court mailed a copy of the Order to Defendants via certified mail, and the docket reflects that each of the Defendants received a copy of the Order on January 11, 2022.[12]  As of the date of this Order, over six months later, Defendants still have not enrolled new counsel, nor communicated in any manner to the Court.

---

[7] R. Doc. 114 at p. 2-3 (*quoting* R. Doc. 85) (internal quotation marks omitted).
[8] R. Doc. 114 at p. 3 (*citing* R. Doc. 86).
[9] R. Doc. 114 at p. 3 (*citing* R. Doc. 92).
[10] R. Doc. 114 at p. 3.
[11] R. Doc. 97.
[12] *Id.*; *See*, R. Docs. 110, 111 & 112.

On November 15, 2022, Plaintiffs filed a Motion for Sanctions and Motion to Deem Requests for Admissions as Admitted, asking the Court to impose sanctions on Defendants for their failure to comply with the Magistrate Judge's October 26, 2021 discovery Order, and to deem Plaintiffs' requests for admissions admitted under Fed. R. Civ. P. 36(a)(3).[13]   Plaintiffs asked the Court to sanction the "recalcitrant Defendants" for their "dilatory and contumacious litigation tactics" by rendering a default judgment against them under Fed. R. Civ. P. 37(b)(2)(A) and by ordering Defendants to pay the reasonable expenses, including attorney's fees, caused by their discovery violations.[14]   The Motion for Sanctions was set for submission on December 1, 2021, and was initially set for oral argument that same day.[15]   On November 30, 2021, however, the Magistrate Judge reset the oral argument for January 12, 2022, to allow Defendants ample time to enroll new counsel.[16]   On January 11, 2022, however, the Magistrate Judge canceled oral argument on the Motion for Sanctions and "took it for submission on the briefs" since Defendants had still failed to enroll new counsel.[17]

On March 31, 2022, the Magistrate Judge issued a Report and Recommendation, granting Plaintiffs' Motion for Sanctions, granting Plaintiffs' request for attorney's fees, and giving Plaintiffs until April 11, 2022 to file a motion to fix attorneys' fees.[18]   In the Report and Recommendation, the Magistrate Judge

---

[13] R. Doc. 91.
[14] R. Doc. 91-1 at pp. 2, 5-9, & 10-11.
[15] R. Docs. 91 & 93.
[16] R. Doc. 114 at p. 3 (*citing* R. Docs. 96 & 98).
[17] R. Doc. 114 at p. 3 (*citing* R. Doc. 105).
[18] R. Doc. 114 at pp. 1 & 10.

explained that, "This Court has given Defendants an inordinate amount of time to retain counsel and to reply to outstanding discovery requests," but that Defendants had failed to provide any responses and had offered no explanation as to the violations of the Court's orders or why they have not responded to the discovery requests.[19]  The Magistrate Judge further held that this case involved "a complete failure to respond to discovery, except for a single request for admission," and that, "Despite this Court's numerous orders requiring Defendants to respond to all outstanding discovery, Defendants have done nothing."[20]  The Magistrate Judge pointed out that Defendants "have not been deterred by the award of attorneys' fees for Plaintiffs' efforts in bringing the motion to compel,"[21] and that, "Defendants are in violation of multiple orders of this Court and have yet to make any efforts to rectify same."[22]

In addition to granting the Motion for Sanctions, the Magistrate Judge recommended that a default be entered against Defendants under Fed. R. Civ. P. 37 for their failure to obey a discovery order.[23]  The Magistrate Judge reviewed the cases cited by Plaintiffs in support of their request for a default judgment, *Doe v. American Airlines*[24] and *United States v. $49,000 Currency*,[25] and found the cases "to be appropriate and persuasive."[26]  The Magistrate Judge pointed out that Defendants have been on notice of the possibility of the case being dismissed since December 13,

---

[19] *Id*. at pp. 4-5 (*citing* R. Docs. 78 & 86).
[20] R. Doc. 114 at p. 7.
[21] *Id*.
[22] *Id*. at p. 8.
[23] *Id*. at pp. 1 & 10.
[24] 283 Fed.Appx. 289 (5th Cir. 2008).
[25] 330 F.3d 371, 377-79 (5th Cir. 2003).
[26] R. Doc. 114 at pp. 8-9.

2021, when Plaintiffs filed a motion for default judgment, "if not earlier."[27]  The Magistrate Judge held that this case "involves a complete failure to respond to discovery, a failure to follow numerous court orders from both this Court and the district court, and a failure to explain, in any way, why such actions have occurred."[28]

The Magistrate Judge further found it "indisputable" that the four factors set forth by the Fifth Circuit in *FDIC v. Conner* in determining whether a default judgment should be issued as a discovery sanction "are met in this case."[29] Specifically, the Magistrate Judge found that: (1) Defendants' discovery violations appeared willful and in bad faith, as no effort whatsoever had been taken to correct them and Defendants had received all discovery propounded against Plaintiffs; (2) the clients bore sole responsibility for the violations, rather than defense counsel, who withdrew from the matter due to the clients' unwillingness to engage in the discovery process; (3) Plaintiffs were clearly prejudiced by the complete failure to respond to any discovery, which caused them to miss all deadlines previously imposed by the Court's Scheduling Order, which was amended three times; and (4) a lesser sanction was not likely to have a deterrent effect because Defendants have shown a flagrant disregard for this proceeding, despite multiple orders and an award of attorney's fees against them.[30]  The Magistrate Judge further observed that, "Months have passed without Defendants attempting to defend their case in any way.  Thus, this Court

---

[27] *Id*. at p. 9 (*citing* R. Doc. 99).
[28] R. Doc. 114 at p. 9.
[29] *Id*. (citing *Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994)).
[30] R. Doc. 114 at p. 9.

believes that a litigation ending sanction is appropriate at this time."[31]  Despite the foregoing analysis, the Magistrate Judge recommended that a default, rather than a default judgment, be entered against Defendants.[32]

## II.  LEGAL STANDARD

As the Magistrate Judge explained in the Report and Recommendation,[33] Fed. R. Civ. P. 37(b)(2)(A) "allows a district court to impose a sanction when a party fails to comply with a discovery order, and the court has broad discretion in fashioning its sanction when it does so."[34]  As recognized by another Section of this Court, "The Court has wide latitude in determining the appropriate sanction for failure to comply with discovery and, especially, for failure to comply with a Court Order."[35]  Rule 37 (b)(2)(A) authorizes courts to issue a variety of sanctions for failure to obey a discovery order, including "dismissing the action or proceeding in whole or in part" or "rendering a default judgment against the disobedient party."[36]  The Fifth Circuit has explained that, "For a lesser sanction, we broadly require the district court to determine the sanctions are 'just' and 'related to the particular "claim" which was at issue in the order to provide discovery.'"[37]  The Fifth Circuit, however, "imposes a heighted standard for litigation-ending sanctions (sometimes called 'death penalty'

---

[31] *Id.*

[32] R. Doc. 114 at p. 10.

[33] *Id.* at pp. 5-7.

[34] *Law Funder, LLC v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012)).

[35] *Quintero v. Balboa Ins. Co.*, Civ. A. No. 08-1527, 2009 WL 382506, at *1 (E.D. La. Feb. 11, 2009) (Vance, J.).

[36] Fed. R. Civ. P. 37(b)(2)(A)(v) & (vi).

[37] *Law Funder, LLC*, 924 F.3d at 758 (quoting *Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004)).

sanctions)," requiring district courts to make the following four additional findings before imposing such sanctions: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation "substantially prejudiced the opposition party;" and (4) a lesser sanction would not "substantially achieve the desired deterrent effect."[38]  These four factors are often referred to as the *Conner* factors.  As the Magistrate Judge correctly pointed out, courts have a duty to impose "the least severe sanction adequate to achieve the desired result,"[39] and the "harsh sanction of dismissal is not favored except in extreme circumstances."[40]

The Court agrees with the Magistrate Judge that the four *Conner* factors are indisputably met in this case based upon Defendants' flagrant disregard for this proceeding, their decision to completely ignore several orders issued by this Court, and Defendants' refusal to participate in this litigation.  It is clear to the Court that: (1) Defendants' discovery violations have been willful and in bad faith; (2) Defendants, not their previously-enrolled counsel, are responsible for the violations; (3) Plaintiffs have clearly been prejudiced by Defendants' complete failure to respond to their discovery requests, except for one request for admission, which caused Plaintiffs to miss several deadlines and resulted in three amendments to the Court's Scheduling Order;[41] and (4) a lesser sanction is not likely to have a deterrent effect,

---

[38] *Law Funder, LLC*, 924 F.3d at 758-59 (quoting *FDIC v. Conner*, 20 F.3d 1376, 1380-91 (5th Cir. 1994)).

[39] R. Doc. 114 at p. 6 (citing *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 497, 501 (N.D. Tex. 2016); *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 877-78 (5th Cir. 1988)).

[40] R. Doc. 114 at p. 6 (quoting *Quintero v. Balboa Ins. Co.*, Civ. A. No. 08-1527, 2009 WL 382506, at *2 (E.D. La. Feb. 11, 2009) (Vance, J.)) (internal quotation marks omitted).

[41] *See*, R. Docs. 68, 77, & 103.

since Defendants continue to ignore orders from this Court, including an award of attorney's fees against them.  Further, it is apparent to the Court that Defendants' bad faith conduct is likely to continue to the prejudice of the Plaintiffs.  The Court notes that this matter has now been pending since December 2020 and Plaintiffs have remained blocked from conducting discovery or moving the case forward.  Based upon the foregoing authority, the Court finds that this case presents the "extreme circumstances" that justify a litigation-ending sanction under Rule 37.  The Court further finds that a just and appropriate sanction under Rule 37(b) for Defendants' violation of the Magistrate Judge's October 26, 2021 Order and the Court's December 7, 2021 Order to enroll new counsel, and the least severe sanction adequate to achieve the desired result of deterrence, is the entry of a default judgment.  Accordingly, the Court adopts, as modified, the Magistrate Judge's recommendation that a default be entered against Defendants, and the Court instead enters a default judgment against Defendants, as requested by Plaintiffs.[42]  This matter shall be set for a hearing regarding the amount of the judgment.

III.   **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Magistrate Judge's March 31, 2022 Report and Recommendation[43] is **ADOPTED, as modified.**

**IT IS FURTHER ORDERED** that a default judgment be entered against the defendants, Formula Four Beverages, Inc., Oxigen Beverages, Inc., Formula Four

---

[42] R. Doc. 91-1 at pp. 5-9.  *See, United States v. $49,000 Currency*, 330 F.3d 371, 378-79 (5th Cir. 2003) (finding the district court did not abuse its discretion by imposing sanction of default judgment based upon claimants' failure to comply with the district court's discovery order and deadlines).
[43] R. Doc. 114.

Beverages (USA), Inc., Oxigen (USA), Inc., and Blair Bentham, and in favor of the plaintiffs, MCP International, LLC and Patrick Sean Payton, as to all claims asserted by Plaintiffs against those defendants.

**IT IS FURTHER ORDERED** that a hearing is set for **Wednesday, July 20, 2022 at 2:00 p.m.**, during which the Court will hear oral argument and/or live testimony, if appropriate, regarding the judgment amount.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Entry of Default (R. Doc. 99), Plaintiffs' Motion for Summary Judgment on Liability (R. Doc. 101), Plaintiffs' Motion for Summary Judgment on Damages (R. Doc. 102), and Plaintiffs' Motion *In Limine* to Exclude All Evidence (R. Doc. 107) are **DENIED as moot.**

New Orleans, Louisiana, June 29, 2022.

**WENDY B. VITTER**
**United States District Judge**